**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| GEORGE W. SHORT, *Plaintiff*, v. CLIFTON L. CORKER and LUKE MCLAURIN, *Defendants*. | ) ) ) ) ) ) ) ) ) ) | No. 2:26-cv-196 Judge Atchley Magistrate Judge Wyrick |

## MEMORANDUM & ORDER

Plaintiff, a federal prisoner housed in USP Hazelton, filed a pro se complaint for violation of 42 U.S.C. § 1983 asserting that Defendants "incorrectly and improperly" sentenced him under the Armed Career Criminal Act ("ACCA") [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth more fully below, Plaintiff's motion [*Id.*] will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

## I. FILING FEE

As Plaintiff cannot pay the filing fee in a lump sum, his motion for leave to proceed *in forma pauperis* [*Id.*] is **GRANTED**, and he is **ASSESSED** the civil filing fee of $350.00. The custodian of his inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred and fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1914(a), 1915(b)(2). To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to provide a

copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall go in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim and allegations that do not raise a plaintiff's right to relief "above a speculative level" do not state a plausible claim. *Id.* at 681; *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Analysis

As set forth above, Plaintiff alleges that Defendants United States District Judge Clifton L. Corder and United States Attorney McLaurin "incorrectly and improperly" sentenced him under

the ACCA [Doc. 2 p. 3–4]. Plaintiff has therefore sued Defendants and requests that the Court vacate his sentence [*Id.* at 1, 5].

But it is apparent from Plaintiff's complaint that, at all times relevant to the complaint, (1) Defendant Judge Corker was acting as a United States District Judge, and (2) Defendant McLaurin was acting as a federal prosecutor. Therefore, Plaintiff has not plausibly alleged that either Defendant was acting under color of state law, which is required to sustain a complaint alleging liability under § 1983. Moreover, even if both Defendants had acted under color of state law, both are entitled to absolute immunity from liability under § 1983 for the acts alleged in the complaint. *Imbler v. Pachtman*, 424 U.S. 409, 420–31 (1976) (holding that a prosecutor has absolute immunity from §1983 lawsuits for actions taken within the scope of his duty to initiate and pursue criminal prosecutions); *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (noting prior rulings establishing judicial immunity in "civil actions for [] judicial acts" within their jurisdiction).

Additionally, Plaintiff cannot challenge his conviction or sentence under § 1983 until that conviction or sentence has been reversed or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding a prisoner's civil rights action "is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original). Nothing in Plaintiff's complaint suggests that his convictions have been set aside or invalidated.

As such, Plaintiff's claims against Defendants fail to state a claim upon which relief may be granted under § 1983, and they are **DISMISSED**.

## III. CONCLUSION

For the reasons set forth above:

1. The motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in Plaintiff's favor, it fails state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**